IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNY GARCIA,

        Plaintiff,

v.                                                                  No. CIV-07-0631 WJ/KBM

WARDEN STEVEN NANCE,
TONY SANDERS, CAPT. BLANCO,
LIEUTENANT WEISTER, LT. EDGMAN,
LT. SAVAGE, DISCP. LUJAN,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have taken retaliatory actions against Plaintiff.  Plaintiff claims these actions have violated a number of his constitutional protections.  He seeks damages and equitable relief.

Plaintiff makes no allegations against Defendant (Warden) Nance except that he "talked to him on numerous occasions pertaining to these complaints."  This allegation does not affirmatively link Defendant Nance to the various violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id*.  Plaintiff's claims against Defendant Nance will be dismissed.

Plaintiff seeks restoration of good time credit.  This claim affects the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *cf. Green v. Knowles*, No. 98-1008, 1998 WL 458561, at **1 (10th Cir. Aug. 3, 1998), and is thus cognizable only in a habeas corpus proceeding, *see Wolff v. McDonnell*, 418 U. S. 539, 554 (1974); *Taylor v. Wallace*, 931 F.2d 698, 699 n.1 (10th Cir. 1991).  This claim will be dismissed without prejudice to Plaintiff's right to file a habeas corpus petition.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Nance are DISMISSED, and Defendant Nance is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's claim for restoration of good time credits is DISMISSED without prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service

forms, with copies of the complaint, for Defendants Sanders, Blanco, Weister, Edgman, Savage, and Lujan.

_____
UNITED STATES DISTRICT JUDGE